UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Demarais,<br><br>           Plaintiff,<br><br>    v.<br><br>RAzOR Capital, LLC, and Gurstel Chargo, P.A.,<br><br>           Defendants. | Civil File No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendants transact business here and are headquartered here.

## PARTIES

4. Plaintiff Steven Demarais is a natural person who resides in Anoka County, Minnesota. Mr. Demarais is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Gurstel Chargo, P.A. is a law firm based in Golden Valley, Minnesota. Gurstel Chargo regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Gurstel Chargo is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant RAzOR Capital, LLC is a limited liability company headquartered in Bloomington, Minnesota. RAzOR specializes in the purchasing of portfolios of charged-off consumer receivables, then collecting on such receivables, including through civil lawsuits against consumers in Minnesota and elsewhere.

7. In March 2009, the Minnesota Department of Commerce issued to RAzOR collection agency license number 40151956. RAzOR's license expired on June 30, 2010. Despite the expiration of its license nearly six years ago, RAzOR continues to engage in collection efforts against Minnesota consumers.

8. At all times relevant to this Complaint, Gurstel Chargo served as RAzOR's counsel and acted with actual and apparent authority on RAzOR's behalf.

**FACTS**

9. Mr. Demarais incurred an alleged financial obligation in the form of a credit account with Citibank, N.A. The alleged obligation was incurred

primarily for personal, family, or household purposes and is therefore a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

10. Citibank N.A. charged off the alleged debt no later than 2010.

11. In the years following the charge-off, Citibank did not send Mr. Demarais any periodic statements showing the accumulation of interest.

12. In the years following the charge-off, no other party sent Mr. Demarais any periodic statements showing the accumulation of interest.

13. The admissions, acts, and omissions of Citibank, N.A. and its successors establish a waiver of the right to collect interest on Mr. Demarais' alleged account.

14. In June 2014, Gurstel Chargo filed a lawsuit on RAzOR's behalf against Mr. Demarais in the Anoka County District Court. The lawsuit was assigned court file number 02-CV-14-3865.

15. In the lawsuit, RAzOR claimed to be a successor in interest to Citibank, N.A. on an account allegedly belonging to Mr. Demarais.

16. In the lawsuit, RAzOR claimed that "[Demarais] owes [RAzOR] $20,591.11, plus interest in the amount of $5,030.21 from and before February 11, 2013, for credit extended on or before February 11, 2013."

17. In other words, Gurstel Chargo claimed that RAzOR was owed the alleged charge-off balance plus interest going beyond the date of charge-off up to shortly before its service of the lawsuit.

18. Thus, RAzOR's lawsuit sought post charge-off interest from Mr. Demarais despite the waiver of such interest by RAzOR's alleged predecessors in interest.

19. Although Mr. Demarais had not timely answered the Complaint, RAzOR and Gurstel Chargo did not attempt to obtain a default judgment against him. Rather, they allowed the Court to set the case for an October 5, 2015 trial.

20. In cases in which the consumer defendant does not timely answer, rather than move for default judgment, Gurstel Chargo often obtains a trial setting rather than moving for a default judgment. When the day of trial arrives, Gurstel Chargo appears for trial, without a client representative, a witness, or any means of introducing evidence in a trial.

21. On information and belief, Gurstel Chargo has a pattern and practice of using this tactic in an effort to evade Minnesota consumer protection laws that prescribe procedural and evidentiary requirements for debt buyers seeking to obtain judgment by default. *See* Minn. Stat. § 548.101.

22. Gurstel Chargo then seeks judgment based on the consumer's non-appearance at trial, despite the fact that Gurstel Chargo is not prepared to introduce any evidence or provide any witnesses testimony to support its case.

23. On the infrequent occasions when a consumer defendant does appear for trial, Gurstel Chargo – having had no intention of trying the case – will attempt to obtain either a continuance or a dismissal without prejudice.

24. On October 5, 2015, Gurstel Chargo appeared for Mr. Demarais' scheduled trial without a client representative, a witness, or any means of introducing evidence in a trial.

25. Gurstel Chargo aslo appeared on October 5, 2015 for the scheduled trials of approximately 17 other consumer debt cases in which Gurstel Chargo represented the plaintiff.

26. Gurstel Chargo's October 5, 2015 appearance was an attempt on behalf of RAzOR to obtain a judgment and thus collect the full amount demanded in the Complaint, both the charge-off balance and post charge-of interest.

27. Gurstel and RAzOR's plan depended on the assumption that Mr. Demarais would not appear for his own trial.

28. Shortly before trial, however, Mr. Demarais obtained counsel, who filed an Answer on his behalf and appeared in Court with Mr. Demarais the morning of October 5, 2015, prepared for the scheduled trial.

29. Gurstel Chargo, having had no intention and no ability to prove its case, asked for, and received, a continuance over Mr. Demarais' objection.

30. The Court reset the trial for January 4, 2016.

31. In the interim, Mr. Demarais served discovery requests on RAzOR.

32. When RAzOR failed to timely respond to the discovery requests, Mr. Demarais' counsel contacted Gurstel to ask about responses. Gurstel Chargo then requested an extension in the response deadline. Mr. Demarais' counsel agreed to the extension.

33. Despite asking for and receiving the extension, Gurstel never responded to Mr. Demarais' discovery.

34. On January 4, 2016, Mr. Demarais again appeared in court, again prepared for trial.

35. Again, RAzOR was not prepared for trial. Gurstel Chargo appeared in court for Mr. Demarais' scheduled trial with no client representative, no witnesses, and no means of introducing evidence.

36. Facing a party appearing for trial for the second time and represented by counsel, Gurstel Chargo dismissed its case against Demarais on behalf of RAzOR with prejudice.

37. Gurstel Chargo also appeared on January 4, 2016 for the scheduled trials of two other consumer debt cases in which Gurstel Chargo represented the plaintiff.

38. Gurstel Chargo proceeded to seek a judgment against another consumer defendant whose trial (case number 02-cv-15-313) was scheduled for that morning based on the consumer's non-appearance at trial.

39. Regardless of whether it had chosen to bring a witness, RAzOR did not, could not, and cannot, establish its right to collect any amount from Mr. Demarais.

40. Indeed, Gurstel and RAzOR prosecuted the lawsuit against Mr. Demarais, appearing at trial and attempting to obtain a judgment in October 2015, despite not being in possession of (and not having the ability to obtain) documents supporting RAzOR's ownership of any account belonging to Mr. Demarais.

41. In addition, Defendants attempted to collect waived post charge-off interest, an amount not authorized by law.

42. RAzOR and Gurstel Chargo have a pattern and practice of demanding post charge-off interest even where such interest has been waived.

43. Gurstel Chargo has a pattern and practice of attempting to collect consumer debts by appearing at trial and seeking judgment based on the non-appearance of the consumer defendant, despite the fact that Gurstel Chargo is not prepared to try the case..

44. For example, Gurstel Chargo has successfully obtained (or is in process of obtaining) judgments despite appearing without the capability of introducing evidence for the scheduled trial in the some or all of the following consumer debt cases: 02-cv-14-302 (Cavalry SPV I, LLC); 02-cv-14-3870 (Oliphant Financial, LLC); 02-cv-14-3015 (Vion Holdings, LLC); 02-cv-14-3135 (Asset Acceptance LLC); 02-cv-14-4986 (FFIF ACM-Opportunity Fund LLC); 02-cv-14-3976 (First Financial Investment Fund III, LLC); 02-cv-15-313 (Atlantic Credit and Special Finance Unit, LLC).

45. On other occasions, Gurstel Chargo appears for trial without documents to support its claim and, if the Court requires additional documentation, asks the Court for additional time to provide it, then simply ignores the case: 02-cv-14-2989 (Cavalry SPC I, LLC); 02-14-cv-3551 (Cavalry SPV II, LLC); 02-cv-14-3670 (Advantage Assets II, Inc.); 02-cv-14-3723

(Cavalry SPV I, LLC); 02-cv-14-4987 (Velocity Investments LLC); 02-cv-14-5556 (Asset Acceptance, LLC); 02-cv-14-6696 (Atlantic Credit & Finance, Inc.).

46. Nearly a month after the dismissal of the case against Ms. Demarais with prejudice, Gurstel Chargo, on behalf of Razor Capital, continued in efforts to collect the alleged debt from Mr. Demarais.

47. By letter dated January 22, 2016, Gurstel Chargo, on behalf of RAzOR Capital, served Mr. Demarais with Interrogatories, Requests for Production of Documents, and Requests for Admissions, all bearing the caption and file number of the dismissed case.

48. In the January 22, 2016 letter, Gurstel Chargo indicated that "[this communication is from a debt collector and is an attempt to collect a debt."

49. The discovery requests served on Mr. Demarais repeatedly referred to his being "required" to provide responses within 30 days.

50. The statements were false, as there is no obligation to answer discovery requests served by a party who has already dismissed its case with prejudice.

## **TRIAL BY JURY**

51. Steven Demarais is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## **CAUSE OF ACTION**

52. Mr. Demarais incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

53. The foregoing acts and omissions by Defendants constitute violations of the FDCPA.  Specifically, Defendants violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10) by falsely representing the character, amount, or legal status of the alleged debt, threatening to take action that cannot legally be taken, and using a false representation or deceptive means to collect a debt.

54. In addition, Defendants violated 15 U.S.C. §§ 1692f and 1692f(1) by using unfair means to collect the alleged debt and by attempting to collect an amount not authorized by the agreement or permitted by law.

55. As a result of Defendants' violations of the FDCPA, Mr. Demarais is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Steven Demarais prays that judgment be entered against Defendants as follows:

a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. For such further and other relief as may be just and proper.

DATED: February 5, 2016

By:   /s Darren B. Schwiebert
Darren Brayer Schwiebert (#260642)
 dschwiebert@mayerbrayer.com
James R. Mayer (#312241)
 jmayer@mayerbrayer.com
Mayer Brayer LLP
Butler Square Suite 445A
100 North Sixth Street
Minneapolis, MN 55403

Attorneys for Plaintiff
Steven Demarais