UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Demarais,

      Plaintiff,

v.                                                Case No. 16-cv-293 (JNE/TNL)
                                                  ORDER

Gurstel Chargo, P.A.,  and
RAzOR Capital, LLC.,

      Defendants.

Plaintiff Steven Demarais alleges Defendants Gurstel Chargo, P.A., and RAzOR Capital, LLC, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, when they tried to collect a debt not authorized by law. The matter is before the Court on Defendants' motion to dismiss. For the reasons provided below, the motion is granted and Demarais's claims are dismissed with prejudice.

## BACKGROUND

Demarais held a credit account with Citibank, N.A. Citibank "charged off" the debt no later than 2010. In the following years, Demarais never received a statement showing the accumulation of interest on the account. Demarais alleges that Citibank and its successors, by failing to send such statements, waived their rights to collect interest on the debt.

In June 2014, the law firm of Gurstel Chargo, on behalf of RAzOR Capital, filed a Minnesota state debt collection action against Demarais. RAzOR Capital claimed to be a successor in interest to Citibank and alleged Demarais owed "$20,591.11, plus interest in the amount of $5,030.21." Demarais did not timely file an answer. The state court set the case for an October 5, 2015 trial.

The complaint alleges that Gurstel Chargo routinely obtains trial dates in cases where the consumer defendant has not answered. Gurstel Chargo then appears at the trial with no evidence, hoping to receive judgment based on the consumer's failure to appear. If the consumer appears, Gurstel Chargo seeks a continuance or dismissal without prejudice.

In this case, Demarais obtained counsel and filed an answer just before the trial. Demarais and his counsel appeared in court on the trial date. Gurstel Chargo sought a continuance, and the court reset the trial for January 4, 2016. In the interim, Demarais served discovery requests. Gurstel Chargo asked for and received an extension to respond to the requests but never did respond. On the second trial date, Demarais and his counsel appeared in court, and Gurstel Chargo dismissed the case against Demarais with prejudice. After the case was dismissed, by letter dated January 22, 2016, Gurstel Chargo served Demarais with discovery requests. Demarais filed this lawsuit two weeks later.

## STANDARD OF REVIEW

When ruling on a motion to dismiss, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in the plaintiff's favor. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

Demarais's lawsuit alleges three violations of the FDCPA. First, Demarais alleges Defendants violated the FDCPA when they attempted to collect waived interest through the debt collection lawsuit. Defendants argue the claim is barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d). They assert the limitations period began to run in May 2013, when service of the lawsuit was completed and Demarais first had notice of the alleged violation. *See Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007) ("[A] plaintiff must have notice of the violation for the statute of limitations to run."); Minn. R. Civ. P. 3.01 ("A civil action is commenced against each defendant . . . when the summons is served upon that defendant."). Demarais does not dispute that the commencement of the debt collection action is outside the limitations period but instead argues that allegations based on Defendants' continued prosecution of the action are not time barred. Demarais specifically relies on Defendants' conduct during the October 5, 2015 hearing. Generally, "each new communication begins a fresh statute of limitations period for the claim," but "new communications concerning an old claim" do not restart the limitations period. *Nutter*, 500 F. Supp. 2d at 1223. In particular, communications during the course of litigation that merely restate or relate back to assertions made in the complaint do not restart the limitations period. *Id.* Here, Demarais points to allegations that "Gurstel Chargo's October 5, 2015 appearance was an attempt on behalf of RAzOR to obtain a judgment and thus collect the full amount demanded in the Complaint." These allegations relate back to the complaint and do not start a new limitations period. Accordingly, this alleged violation is time barred.

Second, Demarais argues that Defendants violated § 1692e of the FDCPA when they twice proceeded to trial without sufficient evidence to support their pleadings and without the

intent to obtain such evidence. Section 1692e forbids the use of "any false, deceptive, or misleading representation" in the collection of a debt. The only communications attributed to Defendants as they proceeded to trial are a request for a continuance, a request for an extension of time to respond to discovery requests, and the dismissal of the action. These were permissible litigation tactics and not actionable false assertions. *See St. John v. Cach, LLC*, -- F.3d --, 2016 WL 2909195, at *3 (7th Cir. 2016) ("Section 1692e(5) does not punish debt collectors for engaging in a customary cost-benefit analysis when conducting litigation, nor does it constrain them to mechanically steer the proceedings toward trial with no regard for expense or efficiency.").

Finally, Demarais argues Defendants' discovery requests, made after the dismissal of the debt collection action, violated the FDCPA. Typically, "FDCPA violations are assessed objectively through the eyes of an unsophisticated consumer." *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015). However, debt collection communications sent to an attorney, as these discovery requests were, are not actionable if they would be "unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law." *Id.* Here, the discovery requests indicated they were "an attempt to collect a debt" and falsely stated Demarais was required to respond, when Demarais had no such obligation because the debt collection action had been dismissed with prejudice. Though the discovery requests contained these technical falsehoods, they would not have deceived a competent lawyer and thus did not violate § 1692e. Demarais suggests the allegations, even if inadequate under § 1692e, state a claim under § 1692f. Regardless of the statutory label, Demarais's allegations are inadequate because they do not show that anyone was likely to be misled, deceived, or otherwise duped by the discovery requests. *See Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir.

4

2012) (rejecting a claim that a debt collector's litigation activity violated §§ 1692e and 1692f in part because no one "was misled, deceived, or otherwise duped" by the court filings); *see also Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015).

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss [Docket No. 9] is GRANTED.

2. Plaintiff's claims are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  July 6, 2016

s/Joan N. Ericksen

JOAN N. ERICKSEN
United States District Judge